**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Victor B. Perkins,

        Petitioner,

v.

Jared Raurdin, Warden,

        Respondent.

Civ. No. 22-1691 (WMW/BRT)

**REPORT AND RECOMMENDATION**

The United States District Court for the Eastern District of North Carolina Petitioner Victor B. Perkins was civilly committed under 18 U.S.C. § 4246 on the grounds that Perkins's release would create a substantial risk of bodily injury or serious damage to property of others. *See United States v. Perkins*, No. 5:92-HC-0654 (E.D.N.C. filed October 2, 1992). Perkins is currently serving that civil commitment at the Federal Medical Center in Rochester, Minnesota. In his Petition for a writ of habeas corpus now before the Court, Perkins argues that he is no longer a danger to others and should therefore be released from his commitment. That habeas petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, the Court concludes that the habeas petition should be denied and this case dismissed.

---

[1] The habeas petition filed by Perkins is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

1

"Nothing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention." 18 U.S.C. § 4247(g). That said, where a person subject to civil commitment pursuant to order of a federal court seeks release on the grounds that he or she meets the standards for release, an alternative remedy to habeas corpus is provided in § 4247(h):

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of [§ 4246], counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

Because "habeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy,'" *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)), habeas corpus relief is not generally an appropriate procedural vehicle through which someone who is civilly committed may argue that he should no longer be committed due to an improvement in condition, *see id.* at 648-49.[2] Instead, such a claim must be brought in the district of commitment—in Perkins's case, the Eastern District of North Carolina—pursuant to § 4247(h). *Id.*

---

[2]   Other habeas claims—for example, that the civil commitment was not lawfully effected at the outset—may remain available to a petitioner, so long as those claims cannot be raised through the alternative remedy provided in § 4247(h). *See Payen v. Jett*, No. 15-CV-0122 (JRT/HB), 2016 WL 3162054, at *3-5 (D. Minn. May 16, 2016).

2

Perkins cannot reasonably argue that a remedy under § 4247(h) is unavailable to him, should he be able to establish that his ongoing commitment is no longer appropriate. The docket of his commitment proceedings reflects that (1) Perkins continues to be represented by counsel in that matter; and (2) the Eastern District of North Carolina continues to receive annual updates regarding Perkins's condition, as required by statute.[3] *See generally Perkins*, No. 5:92-HC-0654 (E.D.N.C. filed October 2, 1992). That Perkins has not been *granted* relief under § 4247(h) does not mean that § 4247(h) fails to provide an adequate alternative remedy for the claim raised in the petition.[4]

The Eighth Circuit has remarked that, where a civil detainee seeks relief through a habeas petition that should have been sought through a motion under § 4247(h), "a transfer of the petition under 28 U.S.C. § 1406(a) is both permissible and appropriate." *Archuleta*, 365 F.3d at 649. This Court nevertheless recommends denial of the habeas petition rather than transfer to the Eastern District of North Carolina for further consideration under § 4247(h). A motion under § 4247(h) may only be filed by "counsel for the person or his legal guardian," not by the committed individual acting pro se, *see*

---

[3] The most recent of those reports was received by the Eastern District of North Carolina on November 18, 2021. *See Perkins*, No. 5:92-HC-0654, Doc. No. 314 (E.D.N.C. Nov. 18, 2021). Perkins has not since that time filed a motion for discharge under § 4247(h).

[4] To the extent that Perkins argues that § 4246 itself provides inadequate procedural protections and that his commitment is therefore unlawful, this argument cannot be raised through § 4247(h) but may be dismissed as without merit. *See United States v. Evanoff*, 10 F.3d 559, 563 (8th Cir. 1993) ("Involuntary commitment under the terms of section 4246 does not violate due process."). This Court interprets Perkins, however, as arguing primarily that he *no longer* should be committed, not that his initial commitment was unlawful or that § 4246 is constitutionally infirm.

*United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019). Indeed, due to the voluminous filings over the years by Perkins in the commitment proceedings, the Eastern District of North Carolina has insisted that only motions filed by Perkins with the assistance of appointed counsel will be considered by that court. *See Perkins*, No. 5:92-HC-0654, Doc. No. 308 (E.D.N.C. Aug. 27, 2021). Transfer of the habeas petition would therefore only result in dismissal of the petition by another court as procedurally improper — a needless waste of judicial resources not "in the interest of justice." 28 U.S.C. § 1406(a).

Accordingly, this Court recommends that Perkins's habeas petition be denied and this matter be dismissed.[5] Because it is recommended that the habeas petition be denied at the outset of this proceeding, it is further recommended that Perkins's pending application to proceed *in forma pauperis*, (Doc. No. 6), also be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The petition for a writ of habeas corpus of petitioner Victor B. Perkins (Doc. No. 1) be **DENIED**.

2. This matter be **DISMISSED**.

---

[5] Perkins also suggests in his habeas petition that the Eastern District of North Carolina erred in refusing to order his release under 18 U.S.C. § 3582(c). But that provision does not apply to civil detainees. *See United States v. Jensen*, No. 16-CV-1661 (SRN/KMM), 2021 WL 1221186, at *1 (D. Minn. Apr. 1, 2021).

    3.    Perkins's application to proceed *in forma pauperis* (Doc. No. 6) be

**DENIED**.

Dated: July 19, 2022                       *s/ Becky R. Thorson*
                                                 BECKY R. THORSON
                                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).