UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Victor B. Perkins, | Case No. 22-cv-1691 (WMW/TNL) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Jared Raurdin, | |
| Respondent. | |

---

Before the Court is the July 19, 2022 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 7.) Petitioner Victor B. Perkins objects to the R&R. For the reasons addressed below, the Court overrules Perkins objection and adopts the R&R.[1]

## BACKGROUND

In November 1992, the United States District Court for the Eastern District of North Carolina civilly committed Perkins, pursuant to 18 U.S.C. § 4246. *See United States v. Perkins*, No. 5:92-hc-0654, Dkt. 4 (E.D.N.C. Nov. 6, 1992). Since 2019, Perkins has been civilly committed at the Federal Medical Center in Rochester, Minnesota. *See id.* at Dkt. 266.

---

[1] Perkins also filed a motion for summary judgment, (Dkt. 14), while his habeas petition was pending before this Court. However, motions for summary judgment are not proper in habeas cases. *See Ehlers v. Wilson*, No. 13-CV-2555 (JNE/FLN), 2015 WL 4920294, at *5 (D. Minn. Aug. 11, 2015), *aff'd*, 667 F. App'x 572 (8th Cir. 2016). Therefore, the Court denies Perkins's motion for summary judgment.

On June 29, 2022, Perkins commenced this action by filing the pending petition for a writ of habeas corpus. Perkins asserts that he is no longer a danger to society and seeks release from civil commitment. The July 19, 2022 R&R recommends dismissing Perkins's petition for a writ of habeas corpus and denying as moot Perkins's motion to proceed *in forma pauperis*. Perkins filed timely objections to the R&R, and Respondent Jared Raurdin responded to those objections.

## ANALYSIS

### I.   Objections

Perkins moves to strike the R&R[2] and objects to the R&R's recommendation to not reach the merits of his petition. A district court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). In doing so, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

#### A.   Consent to Magistrate Judge

Perkins objects to the R&R because he did not consent to having a magistrate judge review his petition. The Federal Magistrate Judges Act confers broad authority on district courts to refer matters to magistrate judges. *See* 28 U.S.C. § 636(b)(3) (providing that, in addition to certain enumerated duties, magistrate judges may "be assigned such additional

---

[2]   Because a motion to strike an R&R is not authorized by the Federal Rules of Civil Procedure, *see VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (observing that a motion to strike is applicable only to striking pleadings to eliminate "redundant, immaterial, impertinent, or scandalous matter" (quoting Fed. R. Civ. P. 12(f))), the Court construes Perkins's motion to strike as an objection to the R&R.

duties as are not inconsistent with the Constitution and laws of the United States").[3]  Here, Perkins does not identify—and the Court is not aware of—any reason why the Court's referral of Perkins's petition for a writ of habeas corpus to a magistrate judge is contrary to law.  Moreover, although Perkins's petition was referred to a magistrate judge for a report and recommendation, this Court will make the final determination as to Perkins's petition.  For these reasons, the Court overrules Perkins's objection to the R&R as to the magistrate's review of Perkins's petition.

### B. Merits of the Petition

Perkins also objects to the magistrate judge's recommendation for failing to address the merits of Perkins's petition.  (Dkt. 8 at 2.)  The magistrate judge recommends that Perkins's petition for a writ of habeas corpus should be denied as improper because Perkins should have petitioned for release under 18 U.S.C. § 4247(h).

As the magistrate judge correctly observed, a writ of habeas corpus is an "an extraordinary remedy typically available only when the petitioner has no other remedy." *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (internal quotation marks omitted).  Here, Perkins is civilly committed pursuant to 18 U.S.C. § 4246.  And 18 U.S.C. § 4247(h) provides an alternative avenue for a civilly committed person to seek release.  Under Section 4247(h), "counsel for the person or his legal guardian may, at any time during such

---

[3]  Magistrate judges are expressly authorized to issue R&Rs on "applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B).  Although Perkins has filed a writ for a petition of habeas corpus, this section is not applicable to Perkins because Perkins was civilly committed, not imprisoned as a result of a criminal conviction.

person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility." Because Perkins has an alternative remedy for release, a petition for a writ of habeas corpus is not available. And under Section 4247(h), Perkins must file a motion for discharge with the court that ordered his commitment—in this case, the Eastern District of North Carolina.

Although the Court could transfer Perkins's petition to the Eastern District of North Carolina, *see Archuleta*, 365 F.3d at 649, the R&R recommends dismissing the action instead. A petition under Section 4247(h) must be filed by "counsel for the person or his legal guardian," not by the civilly committed individual acting pro se. 18 U.S.C. § 4247(h); *accord United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019). Because Perkins has appointed counsel in the Eastern District of North Carolina, Perkins's pro se petition for release would be improper even if Perkins had filed the petition in the Eastern District of North Carolina.

Because the magistrate judge correctly concluded that Perkins's petition for a writ of habeas corpus is procedurally improper, the magistrate judge did not err by declining to reach the merits of Perkins's case. Perkins's objection to the R&R on this basis is overruled.

## II.     Clear-Error Review

Because Perkins does not object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having carefully

4

performed this review, the Court finds no clear error. For this reason, the Court adopts the R&R in full.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Victor B. Perkins's objections to the July 19, 2022 R&R, (Dkt. 8), are **OVERRULED**.

2. The July 19, 2022 R&R, (Dkt. 7), is **ADOPTED**.

3. Petitioner Victor B. Perkins's petition for a writ of habeas corpus, (Dkt. 1), is **DENIED**.

4. Petitioner Victor B. Perkins's application to proceed *in forma pauperis*, (Dkt. 6), is **DENIED AS MOOT**.

5. Petitioner Victor B. Perkins's motion for summary judgment, (Dkt. 14), is **DENIED**.

6. This action is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 29, 2022               s/Wilhelmina M. Wright
                                       Wilhelmina M. Wright
                                       United States District Judge